**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DALE LESTER MORRIS,

    Plaintiff,                         Case No. 2:20-CV-12175
                                           HONORABLE NANCY G. EDMUNDS
                                           UNITED STATES DISTRICT COURT JUDGE

SHERMAN CAMPBELL, et. al.,

    Defendants,

_____/

**MODIFIED OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff is a state inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. On August 18, 2020, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to file pay the $ 350.00 filing fee, plus the additional $ 50.00 administrative fee, or to submit an application to proceed in forma pauperis within thirty days of the order. (ECF No. 4). Plaintiff was given thirty days to comply with the order.

On September 29, 2020, this Court summarily dismissed the complaint without prejudice because plaintiff had failed to timely file an application to proceed in forma pauperis or the filing fee. (ECF No. 6). It now appears that plaintiff did sign and date an application to proceed in forma pauperis on August 20, 2020, which was received by the Clerk's Office on August 27, 2020. (ECF No. 7). The application was only entered on October 17, 2020.

Although plaintiff timely submitted an application to proceed in forma pauperis, the filing is still deficient because plaintiff failed to provide the Court with a written authorization to withdraw funds from his prison trust fund account. Plaintiff also failed to file a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

1

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

When plaintiff filed his complaint, he became responsible for the filing fee and waived any objection to the withdrawal of funds from his prison trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient; it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x 530, 533 (3rd Cir. 2010).

Plaintiff also failed to correct the deficiency order by providing the Court with a certified account statement and a copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).

The complaint is again dismissed without prejudice for want of prosecution; Plaintiff failed to fully comply with the deficiency order. See e.g. *Erby v. Kula*, 113 Fed. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation

Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

Plaintiff's motion to amend the pleadings (ECF No. 5) is DENIED AS MOOT.

                                      s/ Nancy G. Edmunds
                                      HON. NANCY G. EDMUNDS
                                      UNITED STATES DISTRICT JUDGE

Dated: October 26, 2020